20STCV22076
Case 2:20-cv-06952   Document 1-2   Filed 07/31/20   Page 1 of 23   Page ID #:112
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Mel Red Recana

Electronically FILED by Superior Court of California, County of Los Angeles on 06/11/2020 01:26 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Barel,Deputy Clerk

1   JAY S. ROTHMAN & ASSOCIATES
    JAY S. ROTHMAN, ESQ.
2   State Bar Number 49739
    21900 Burbank Blvd., Suite 210
3   Woodland Hills, California 91367
    Tel. (818) 986-7870
4   Fax  (818) 990-3019

5   Attorney for Plaintiff
    KEITH WICKER, an individual
6

7            SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                    FOR THE COUNTY OF LOS ANGELES

9

10  KEITH WICKER, an individual,          )   CASE NO. 20STCV22076
                                          )
11              Plaintiff,                )   COMPLAINT FOR DAMAGES
                                          )
12  vs.                                   )   1.   WRONGFUL TERMINATION IN
                                          )        VIOLATION OF PUBLIC POLICY
13  TRIUMPH GROUP AEROSPACE               )        (*Government Code* §12940, et seq.);
    STRUCTURES, a business entity, form   )   2.   DISCRIMINATION BASED
14  unknown; and DOES 1 through 50,       )        UPON DISABILITY (*Government
    inclusive,                            )        Code* §12940, et seq.);
15                                        )   3.   FAILURE TO ACCOMMODATE
                                          )        (*Government Code* §12940(k) and
16              Defendants.               )        (m));
                                          )   4.   FAILURE TO ENGAGE IN THE
17                                        )        INTERACTIVE PROCESS
                                          )        (*Government Code* §12926.1(e));
18                                        )   5.   DISCRIMINATION BASED
                                          )        UPON AGE (*Government
19  _____ )        Code* §12940, et seq.);
                                          )   6.   RETALIATION (*Government Code*
20                                             §12940, et seq.);
                                             7.   FAILURE TO TAKE ALL
21                                                 REASONABLE STEPS TO
                                                   PREVENT DISCRIMINATION
22                                                 and RETALIATION (*Government
                                                   Code* §12940, et seq.);
23                                             8.   INTENTIONAL INFLICTION OF
                                                   EMOTIONAL DISTRESS;
24                                             9.   VIOLATION OF REST PERIOD
                                                   LAW (*Industrial Welfare
25                                                 Commission Wage Orders; Labor
                                                   Code* §226.7);
26                                             10.  VIOLATION OF MEAL PERIOD
                                                   LAW (*Labor Code* §§226.7, 510);
27                                             11.  FAILURE TO PROVIDE
                                                   ACCURATE WAGE
28                                                 STATEMENTS (*Labor Code*

§226);
and

12.   UNFAIR COMPETITION IN VIOLATION OF *BUSINESS AND PROFESSIONS CODE* §17200, et seq.

[DEMAND FOR JURY TRIAL]

## STATEMENT OF FACTS

### A.   Fair Employment and Housing Act

Plaintiff KEITH WICKER, an individual (hereinafter "plaintiff"), was employed by defendant TRIUMPH GROUP AEROSPACE STRUCTURES, a business entity, form unknown (hereinafter referred to as "defendant EMPLOYER"), as a Lead Assembly Mechanic.

Rochelle Onate is employed by defendant EMPLOYER as the head of Human Resources. Oscar Renaga is employed as a Supervisor for defendant EMPLOYER.

Plaintiff began his employment on September 29, 1987.  Plaintiff was a good employee and enjoyed working for defendant EMPLOYER.  He was never written up nor given any warnings for poor performance.

Plaintiff is over the age of 40.

During his employment, on or about February 2, 2018, plaintiff sustained an injury to his body during the course and scope of his employment.  As a result of his injury, he sought medical treatment from Kaiser Permanente and was rendered disabled as that term is defined by law and placed on a medical leave of absence.  Once he was able to return, he would return with certain restrictions.  At all times, defendant EMPLOYER was aware of plaintiff's disability and the restrictions that would be imposed upon his return.  However, at no time did defendant EMPLOYER return plaintiff to work and engage in a legitimate interactive process to determine what accommodations, if any, were needed to address his restrictions.  At no time did defendant EMPLOYER return plaintiff to work and provide him with any needed accommodations.  Instead, Ms. Onate told plaintiff that there was no reasonable accommodation it could provide nor any other position plaintiff could perform.  This excuse was a pretext for discrimination because plaintiff had been working for defendant EMPLOYER since 1987.  He could have performed

COMPLAINT for DAMAGES

1    many jobs with accommodations.

2          These actions by defendant EMPLOYER were unwelcome.  Plaintiff complained that he

3    felt he was being discriminated against due to his disability.  However, defendant EMPLOYER

4    failed to take any action to stop the discriminatory behavior.  Instead, defendant EMPLOYER

5    retaliated against plaintiff for complaining of discrimination.  Said retaliation including officially

6    terminating plaintiff on June 14, 2019.  Plaintiff was terminated because he was a disabled person

7    who required accommodations and in retaliation for complaining of discrimination.

8          Several weeks later, defendant EMPLOYER engaged in a hiring spree.  Plaintiff was not

9    hired during this hiring spree because he was disabled and over the age of 40.  In fact, defendant

10   EMPLOYER hired no person over the age of 40 during this hiring spree.

11         Plaintiff filed a claim with the California Department of Fair Employment and Housing

12   ("DFEH"), pursuant to California *Government Code* §12965(b) and the California Fair

13   Employment and Housing Act ("FEHA").  Plaintiff filed such a claim in a timely fashion and

14   received a "right-to-sue" letter.  Attached as Exhibit "A" and incorporated herein by reference is

15   a true and correct copy of the claim against defendant EMPLOYER and the "right-to-sue" letter.

16   **B.     Wage and Hour**

17         During his employment, plaintiff was a non-exempt employee.  Throughout much of his

18   employment, he was not provided rest periods, uninterrupted meal periods or second meal

19   periods.

20         Defendant EMPLOYER failed to provide plaintiff with accurate wage statements.  His

21   wage statements failed to include payment for uninterrupted meal periods, second meal periods

22   and rest periods not taken.

23                              **GENERAL ALLEGATIONS**

24         1.     This is a complaint by an individual for damages arising out of the outrageous,

25   oppressive and intrusive conduct of all defendants.  Plaintiff seeks compensatory and punitive

26   damages.

27         2.     The true names and capacities of the defendants sued herein as DOES 1 through

28   50, inclusive, are unknown to plaintiff, who therefore sues these defendants by such fictitious

COMPLAINT for DAMAGES

names. Plaintiff will ask leave of the Court to amend this Complaint to show their true names and capacities when same have been ascertained.   Plaintiff is informed and believes, and thereon alleges, that each of the defendants, herein designated as a DOE, proximately caused the injuries and damages to plaintiff as hereinafter alleged.

3.     Plaintiff is informed and believes, and thereon alleges, that each of the defendants designated herein as a DOE is legally responsible in some manner for the events and happenings herein referred to, and negligently, wantonly, recklessly, tortiously and/or unlawfully proximately caused the injuries and damages thereby to plaintiff as herein alleged.

4.     At all times mentioned herein, defendant EMPLOYER was an employer located at 3901 Jack Northrop Ave., in the City of Hawthorne, County of Los Angeles, and State of California.

5.     At all times mentioned herein, defendant EMPLOYER existed under the laws of the State of California, and at all times herein mentioned was authorized to do business in California.

6.     At all times herein mentioned, defendants DOES 1 through 50 were individuals in supervisory positions at defendant EMPLOYER's place of employment and citizens of the State of California.   At all times herein mentioned, defendants DOES 1 through 50 were acting in the course and scope of their employment at defendant EMPLOYER's place of employment.

7.     At all times herein mentioned, plaintiff was an individual who resided in the City of Woodland Hills, County of Los Angeles, State of California, and an employee of defendant EMPLOYER and was and is a citizen of the State of California.

8.     The conduct complained of herein was ratified at defendant EMPLOYER's location in the County of Los Angeles, State of California.

## FIRST CAUSE OF ACTION

### WRONGFUL TERMINATION

### IN VIOLATION OF PUBLIC POLICY

(*Government Code* §12940, et seq.)

**(Against Defendants EMPLOYER and DOES 1-50)**

9.     The allegations of the Statement of Facts and preceding paragraphs are realleged and incorporated herein by reference except where to do so would be inconsistent with pleading a cause of action for Wrongful Termination in Violation of Public Policy.

10.     At all times relevant herein, defendants were employers as that term is defined in California *Government Code* §12926, et seq., and as such, were barred from discriminating in employment decisions.

11.     Plaintiff alleges that the terms and conditions of his employment and his termination was in violation of the public policy of the State of California which specifically prohibits defendants from discriminating against plaintiff on the basis of his disability. Plaintiff was disabled as that term is defined by the *Government Code* and a protected person. Defendants did discriminate against plaintiff on the basis of disability.

12.     Defendants violated that public policy by discriminating against and terminating plaintiff on the basis of his disability.

13.     The above acts of defendants constituted a wrongful termination of plaintiff and was in violation of public policy as described above. Such termination was a substantial factor in causing damage and injury to plaintiff set forth below.

14.     As a proximate result of the aforesaid acts of defendants, plaintiff has foreseeably suffered and continues to suffer substantial loss of earnings and employment benefits in an amount according to proof at the time of trial. Plaintiff claims such amount as damages together with prejudgment interest pursuant to *Government Code* §12940, et seq., and/or any other provision of law providing for prejudgment interest.

15.     Plaintiff further has incurred additional expenses in his efforts to regain employment, all to his damage in an amount according to proof at the time of trial.

16.     As a direct and proximate result of the aforementioned wrongful conduct of defendants, plaintiff will suffer additional loss of earnings, reduced earning capacity in the future, and other incidental and consequential damages in an amount according to proof at the time of trial.

17.     Plaintiff incurred expenses herein for necessary and reasonable attorneys' fees in

order to enforce his rights and to obtain benefits due him, all to his further damage in an amount according to proof.

18.    As a proximate result of the conduct complained of herein, plaintiff suffered and continues to suffer embarrassment, humiliation, emotional distress, mental anguish and severe shock to his nervous system, and thereby sustained serious injuries to his physical and mental health, strength and activity, causing him extreme physical and emotional pain, all to his general damage in such amount as may be proven. Said amount is within the jurisdiction of the Superior Court of the State of California.

19.    As a direct and proximate result of the aforementioned wrongful conduct of defendants, plaintiff incurred medical expenses, the exact nature and extent of which are unknown to plaintiff at this time and plaintiff will ask leave of court to amend this complaint in this regard when the same have been ascertained.

20.    As a direct and proximate result of the aforementioned wrongful conduct of defendants, plaintiff will be required to incur additional future medical expenses all to his further damage in an amount to be proven at trial.

21.    Because the acts taken toward plaintiff were carried out in a deliberate, cold, callous and intentional manner in order to injure and damage plaintiff, plaintiff requests the assessment of punitive damages against defendants in an amount appropriate to punish and make an example of defendants.

## SECOND CAUSE OF ACTION

### DISCRIMINATION BASED UPON DISABILITY

(*Government Code* §12940, et seq.)

**(Against Defendants EMPLOYER and DOES 1-50)**

22.    The allegations of the Statement of Facts and preceding paragraphs are realleged and incorporated herein by reference except where to do so would be inconsistent with pleading a cause of action for Discrimination Based Upon Disability.

23.    FEHA prohibits disability discrimination in employment. FEHA additionally requires an employer which learns about discrimination to conduct an immediate and effective

COMPLAINT for DAMAGES

investigation and to provide remedies if needed.

24.     Plaintiff suffered from a disability and, as such, is a member of a class protected from disability discrimination under California law.

25.     When defendant engaged in the acts of discrimination alleged in this Complaint, they treated plaintiff adversely because of his disability.

26.     In doing the acts referenced above, defendant failed to accommodate plaintiff's disability and in doing so defendant violated its affirmative duty to plaintiff.

27.     As a proximate result of the aforesaid acts of defendant, plaintiff has foreseeably suffered and continues to suffer substantial loss of earnings and employment benefits in an amount according to proof at the time of trial.  Plaintiff claims such amount as damages together with prejudgment interest pursuant to *Government Code* §12945, et seq., and/or any other provision of law providing for prejudgment interest.

28.     Plaintiff further has incurred additional expenses in his efforts to regain employment, all to his damage in an amount according to proof at the time of trial.

29.     As a direct and proximate result of the aforementioned wrongful conduct of defendants, plaintiff will suffer additional loss of earnings, reduced earning capacity in the future, and other incidental and consequential damages in an amount according to proof at the time of trial.

30.     Plaintiff incurred expenses herein for necessary and reasonable attorneys' fees in order to enforce his rights and to obtain benefits due him, all to his further damage in an amount according to proof.

31.     As a proximate result of the conduct complained of herein, plaintiff suffered and continues to suffer embarrassment, humiliation, emotional distress, mental anguish and severe shock to his nervous system, and thereby sustained serious injuries to his physical and mental health, strength and activity, causing him extreme physical and emotional pain, all to his general damage in such amount as may be proven.  Said amount is within the jurisdiction of the Superior Court of the State of California.

32.     As a direct and proximate result of the aforementioned wrongful conduct of

COMPLAINT for DAMAGES

1    defendants, plaintiff incurred medical expenses, the exact nature and extent of which are unknown
2    to plaintiff at this time and plaintiff will ask leave of court to amend this complaint in this regard
3    when the same have been ascertained.

4         33.    As a direct and proximate result of the aforementioned wrongful conduct of
5    defendants, plaintiff will be required to incur additional future medical expenses all to his further
6    damage in an amount to be proven at trial.

7         34.    Because the acts taken toward plaintiff were carried out in a deliberate, cold,
8    callous and intentional manner in order to injure and damage plaintiff, plaintiff requests the
9    assessment of punitive damages against defendants in an amount appropriate to punish and make
10   an example of defendants.

11                          **THIRD CAUSE OF ACTION**
12                        **FAILURE TO ACCOMMODATE**
13                    (*Government Code* §12940(k) and (m))
14              **(Against Defendants EMPLOYER and DOES 1-50)**

15        35.    The allegations of the Statement of Facts and preceding paragraphs are realleged
16   and incorporated herein by reference except where to do so would be inconsistent with pleading
17   a cause of action for Failure to Accommodate.

18        36.    *Government Code* §12940(k) and (m) require an employer to provide reasonable
19   accommodations to employees with known physical disabilities.   An employer also has an
20   affirmative duty to inform disabled individuals of other job opportunities, and ascertain whether
21   the employee is interested in, or qualified for said positions.

22        37.    Defendants independently violated the FEHA by refusing to accommodate
23   plaintiff's disability or perceived disability, by repeatedly not adhering to requested
24   accommodations, by refusing to respond to plaintiff's requests, and by other conduct according
25   to proof.

26        38.    In doing the acts referenced above, defendant failed to accommodate plaintiff's
27   disability and in doing so defendant violated its affirmative duty to plaintiff.

28        39.    As a proximate result of the aforesaid acts of defendants, plaintiff has foreseeably

1  suffered and continues to suffer substantial loss of earnings and employment benefits in an amount

2  according to proof at the time of trial.  Plaintiff claims such amount as damages together with

3  prejudgment interest pursuant to *Government Code* §12945, et seq., and/or any other provision

4  of law providing for prejudgment interest.

5       40.    Plaintiff further has incurred additional expenses in his efforts to regain

6  employment, all to his damage in an amount according to proof at the time of trial.

7       41.    As a direct and proximate result of the aforementioned wrongful conduct of

8  defendants, plaintiff will suffer additional loss of earnings, reduced earning capacity in the future,

9  and other incidental and consequential damages in an amount according to proof at the time of

10  trial.

11       42.    Plaintiff incurred expenses herein for necessary and reasonable attorneys' fees in

12  order to enforce his rights and to obtain benefits due him, all to his further damage in an amount

13  according to proof.

14       43.    As a proximate result of the conduct complained of herein, plaintiff suffered and

15  continues to suffer embarrassment, humiliation, emotional distress, mental anguish and severe

16  shock to his nervous system, and thereby sustained serious injuries to his physical and mental

17  health, strength and activity, causing him extreme physical and emotional pain, all to his general

18  damage in such amount as may be proven.  Said amount is within the jurisdiction of the Superior

19  Court of the State of California.

20       44.    As a direct and proximate result of the aforementioned wrongful conduct of

21  defendants, plaintiff incurred medical expenses, the exact nature and extent of which are unknown

22  to plaintiff at this time and plaintiff will ask leave of court to amend this complaint in this regard

23  when the same have been ascertained.

24       45.    As a direct and proximate result of the aforementioned wrongful conduct of

25  defendants, plaintiff will be required to incur additional future medical expenses all to his further

26  damage in an amount to be proven at trial.

27       46.    Because the acts taken toward plaintiff were carried out in a deliberate, cold,

28  callous and intentional manner in order to injure and damage plaintiff, plaintiff requests the

COMPLAINT for DAMAGES

1   assessment of punitive damages against defendants in an amount appropriate to punish and make

2   an example of defendants.

3   **FOURTH CAUSE OF ACTION**

4   **FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS**

5   (*Government Code* §12926.1(e))

6   **(Against Defendants EMPLOYER and DOES 1-50)**

7   47.   The allegations of the Statement of Facts and preceding paragraphs are realleged

8   and incorporated herein by reference except where to do so would be inconsistent with pleading

9   a cause of action for Failure to Engage in the Interactive Process.

10   48.   *Government Code* §12940(n) and §12926.1(e) requires an employer to engage in

11   a timely, good faith, interactive process with the employee to determine effective reasonable

12   accommodations, if any, in response t a request for reasonable accommodation by an employee

13   with a known physical or mental disability or know medical condition.  It is a violation of FEHA

14   to fail to engage in a timely, good faith interactive process.

15   49.   Defendants independently violated the FEHA by refusing to engage in the

16   interactive process, by refusing to accommodate plaintiff's disability or perceived disability, by

17   repeatedly not adhering to requested accommodations, by refusing to respond to plaintiff's

18   requests, and by other conduct according to proof.

19   50.   In doing the acts referenced above, defendants failed to accommodate plaintiff's

20   disability and in doing so defendants violated its affirmative duty to plaintiff.

21   51.   As a proximate result of the aforesaid acts of defendants, plaintiff has foreseeably

22   suffered and continues to suffer substantial loss of earnings and employment benefits in an amount

23   according to proof at the time of trial.  Plaintiff claims such amount as damages together with

24   prejudgment interest pursuant to *Government Code* §12945, et seq., and/or any other provision

25   of law providing for prejudgment interest.

26   52.   Plaintiff further has incurred additional expenses in his efforts to regain

27   employment, all to his damage in an amount according to proof at the time of trial.

28   53.   As a direct and proximate result of the aforementioned wrongful conduct of

COMPLAINT for DAMAGES

defendants, plaintiff will suffer additional loss of earnings, reduced earning capacity in the future, and other incidental and consequential damages in an amount according to proof at the time of trial.

54. Plaintiff incurred expenses herein for necessary and reasonable attorneys' fees in order to enforce his rights and to obtain benefits due him, all to his further damage in an amount according to proof.

55. As a proximate result of the conduct complained of herein, plaintiff suffered and continues to suffer embarrassment, humiliation, emotional distress, mental anguish and severe shock to his nervous system, and thereby sustained serious injuries to his physical and mental health, strength and activity, causing him extreme physical and emotional pain, all to his general damage in such amount as may be proven. Said amount is within the jurisdiction of the Superior Court of the State of California.

56. As a direct and proximate result of the aforementioned wrongful conduct of defendants, plaintiff incurred medical expenses, the exact nature and extent of which are unknown to plaintiff at this time and plaintiff will ask leave of court to amend this complaint in this regard when the same have been ascertained.

57. As a direct and proximate result of the aforementioned wrongful conduct of defendants, plaintiff will be required to incur additional future medical expenses all to his further damage in an amount to be proven at trial.

58. Because the acts taken toward plaintiff were carried out in a deliberate, cold, callous and intentional manner in order to injure and damage plaintiff, plaintiff requests the assessment of punitive damages against defendants in an amount appropriate to punish and make an example of defendants.

## FIFTH CAUSE OF ACTION

### DISCRIMINATION BASED UPON AGE

*(Government Code* §12940, et seq.)

**(Against Defendants EMPLOYER and DOES 1-50)**

59. The allegations of the Statement of Facts and preceding paragraphs are realleged

COMPLAINT for DAMAGES

and incorporated herein by reference except where to do so would be inconsistent with pleading a cause of action for Discrimination Based Upon Age.

60.     FEHA prohibits discrimination in employment.  FEHA additionally requires an employer which learns about discrimination to conduct an immediate and effective investigation and to provide remedies if needed.

61.     Plaintiff is over the age of 40 and as such, a member of a class protected from discrimination.

62.     When defendant engaged in the acts of discrimination alleged in this Complaint, it treated plaintiff adversely because of his age.

63.     In doing the acts referenced above, defendant discriminated against plaintiff due to his age and in doing so defendant violated its affirmative duty to plaintiff.

64.     As a proximate result of the aforesaid acts of defendant, plaintiff has foreseeably suffered and continues to suffer substantial loss of earnings and employment benefits in an amount according to proof at the time of trial.  Plaintiff claims such amount as damages together with prejudgment interest pursuant to *Government Code* sections 12945, et seq. and/or any other provision of law providing for prejudgment interest.

65.     Plaintiff further has incurred additional expenses in his efforts to regain employment, all to his damage in an amount according to proof at the time of trial.

66.     As a direct and proximate result of the aforementioned wrongful conduct of defendant, plaintiff will suffer additional loss of earnings, reduced earning capacity in the future, and other incidental and consequential damages in an amount according to proof at the time of trial.

67.     Plaintiff incurred expenses herein for necessary and reasonable attorneys' fees in order to enforce his rights and to obtain benefits due him, all to his further damage in an amount according to proof.

68.     As a proximate result of the conduct complained of herein, plaintiff suffered and continues to suffer embarrassment, humiliation, emotional distress, mental anguish and severe shock to his nervous system, and thereby sustained serious injuries to his physical and mental

health, strength and activity, causing him extreme physical and emotional pain, all to his general damage in such amount as may be proven. Said amount is within the jurisdiction of the Superior Court of the State of California.

69.     As a direct and proximate result of the aforementioned wrongful conduct of defendant, plaintiff incurred medical expenses, the exact nature and extent of which are unknown to plaintiff at this time and plaintiff will ask leave of court to amend this complaint in this regard when the same have been ascertained.

70.     As a direct and proximate result of the aforementioned wrongful conduct of defendant, plaintiff will be required to incur additional future medical expenses all to his further damage in an amount to be proven at trial.

71.     Because the acts taken toward plaintiff were carried out by managerial employees acting in a deliberate, cold, callous and intentional manner in order to injure and damage plaintiff, plaintiff requests the assessment of punitive damages against defendant in an amount appropriate to punish and make an example of defendant.

### SIXTH CAUSE OF ACTION

### RETALIATION

*(Government Code* §12940, et seq.)

**(Against Defendants EMPLOYER and DOES 1-50)**

72.     The allegations of the Statement of Facts and preceding paragraphs are realleged and incorporated herein by reference except where to do so would be inconsistent with pleading a cause of action for Retaliation.

73.     At all times relevant herein, defendants, and each of them, were employers as that term is defined in California *Government Code* §12926, et seq., and as such, were barred from retaliating in employment decisions.

74.     Plaintiff rejected illegal activity, i.e., discrimination. When plaintiff rejected the discrimination, he was engaged in a protected activity.

75.     After engaging in this protected activity, defendants, and each of them, engaged in acts of retaliation as alleged in this complaint, including, but not limited to, terminating plaintiff.

COMPLAINT for DAMAGES

76.   In doing the acts referenced above, defendants violated their affirmative duty to plaintiff.

77.   The above acts of defendants and each of them caused plaintiff severe emotional distress, anxiety, sleeplessness, and were outrageous and beyond the scope of his employment. As a direct, proximate and foreseeable result of the aforesaid conduct of the defendants, and each of them, plaintiff has suffered damages and injuries set forth below.

78.   As a result of the aforesaid acts of defendants, plaintiff has become mentally upset, distressed and aggravated.   Plaintiff claims general damages for such mental distress and aggravation in an amount of which will be proven at time of trial.

79.   Plaintiff incurred expenses herein for necessary and reasonable attorneys' fees in order to enforce his rights and to obtain benefits due him, all to his further damage in an amount according to proof.

80.   As a proximate result of the conduct complained of herein, plaintiff suffered and continues to suffer embarrassment, humiliation, emotional distress, mental anguish and severe shock to his nervous system, and thereby sustained serious injuries to his physical and mental health, strength and activity, causing him extreme physical and emotional pain, all to his general damage in such amount as may be proven.   Said amount is within the jurisdiction of the Superior Court of the State of California.

81.   As a direct and proximate result of the aforementioned wrongful conduct of defendants, and each of them, plaintiff incurred medical expenses, the exact nature and extent of which are unknown to plaintiff at this time and plaintiff will ask leave of court to amend this complaint in this regard when the same have been ascertained.

82.   As a direct and proximate result of the aforementioned wrongful conduct of defendants, and each of them, plaintiff will be required to incur additional future medical expenses all to his further damage in an amount to be proven at trial.

83.   Because the acts taken toward plaintiff were carried out in a deliberate, cold, callous and intentional manner in order to injure and damage plaintiff, plaintiff requests the assessment of punitive damages against defendants, and each of them, in an amount appropriate

to punish and make an example of defendants.

## SEVENTH CAUSE OF ACTION

### FAILURE TO TAKE ALL REASONABLE STEPS

### TO PREVENT DISCRIMINATION AND RETALIATION

*(Government Code §12940, et seq.)*

**(Against Defendants EMPLOYER and DOES 1-50)**

84.     The allegations of the Statement of Facts and preceding paragraphs are realleged and incorporated herein by reference except where to do so would be inconsistent with pleading a cause of action for Failure to Take All Reasonable Steps to Prevent Discrimination and Retaliation.

85.     *Government Code* §12940 et seq., including but not limited to *Government Code* §12940(j)(1), provides that it is an unlawful employment practice for an employer, because of the person's age and/or disability, to harass, discriminate against an employee and retaliate against him or her.  An entity shall take all reasonable steps to prevent the harassment, discrimination and retaliation from occurring.

86.     The facts alleged in the Statement of Facts constitute violations of FEHA in that defendants, and each of them, subjected plaintiff to discrimination and retaliation.  Plaintiff alleges that defendants' discrimination and retaliation against plaintiff was an unlawful employment practice. Defendants also engaged in acts of retaliation as alleged in this complaint. Defendants, and each of them, failed to take all reasonable steps necessary to prevent discrimination and retaliation from occurring in violation of *Government Code* §12940(j)(1) of the Fair Employment and Housing Act.

87.     As a proximate result of the aforesaid acts of defendants, plaintiff has foreseeably suffered and continues to suffer substantial loss of earnings and employment benefits in an amount according to proof at the time of trial.  Plaintiff claims such amount as damages together with prejudgment interest pursuant to *Government Code* §12945, et seq. and/or any other provision of law providing for prejudgment interest.

88.     Plaintiff further has incurred additional expenses in his efforts to regain

1    employment, all to his damage in an amount according to proof at the time of trial.

2        89.    As a direct and proximate result of the aforementioned wrongful conduct of

3    defendants, and each of them, plaintiff will suffer additional loss of earnings, reduced earning

4    capacity in the future, and other incidental and consequential damages in an amount according to

5    proof at the time of trial.

6        90.    Plaintiff incurred expenses herein for necessary and reasonable attorneys' fees in

7    order to enforce his rights and to obtain benefits due him, all to his further damage in an amount

8    according to proof.

9        91.    As a proximate result of the conduct complained of herein, plaintiff suffered and

10   continues to suffer embarrassment, humiliation, emotional distress, mental anguish and severe

11   shock to his nervous system, and thereby sustained serious injuries to his physical and mental

12   health, strength and activity, causing him extreme physical and emotional pain, all to his general

13   damage in such amount as may be proven. Said amount is within the jurisdiction of the Superior

14   Court of the State of California.

15       92.    As a direct and proximate result of the aforementioned wrongful conduct of

16   defendants, and each of them, plaintiff incurred medical expenses, the exact nature and extent of

17   which are unknown to plaintiff at this time and plaintiff will ask leave of court to amend this

18   complaint in this regard when the same have been ascertained.

19       93.    As a direct and proximate result of the aforementioned wrongful conduct of

20   defendants, and each of them, plaintiff will be required to incur additional future medical expenses

21   all to his further damage in an amount to be proven at trial.

22       94.    Because the acts taken toward plaintiff were carried out in a deliberate, cold,

23   callous and intentional manner in order to injure and damage plaintiff, plaintiff requests the

24   assessment of punitive damages against defendants, and each of them, in an amount appropriate

25   to punish and make an example of defendants.

26                            **EIGHTH CAUSE OF ACTION**

27            **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

28                    **(Against Defendants EMPLOYER and DOES 1-50)**

95.     The allegations of the Statement of Facts and preceding paragraphs are realleged and incorporated herein by reference except where to do so would be inconsistent with pleading a cause of action for Intentional Infliction of Emotional Distress.

96.     As set forth in the Statement of Facts above, plaintiff was discriminated and retaliated against.

97.     These things bothered plaintiff.

98.     Plaintiff was fired for being disabled and for complaining of discrimination.

99.     Plaintiff had been an outstanding, long time employee.

100.    The acts described in this complaint, specifically in the Statement of Facts, constitute outrageous conduct by defendants.  Defendants' ratification of said acts is also outrageous.  When defendants did the acts described in this complaint, they did such acts deliberately and intentionally to cause plaintiff severe emotional distress.  Defendants' conduct in confirming and ratifying that conduct was done with knowledge that plaintiff's distress would thereby increase, and was done with wanton and reckless disregard of the probability of causing plaintiff emotional distress.

101.    The above acts of defendants and each of them caused plaintiff severe emotional distress, anxiety, sleeplessness, and were outrageous and beyond the scope of his employment. As a direct, proximate and foreseeable result of the aforesaid conduct of the defendants, and each of them, plaintiff has suffered damages and injuries set forth below.

102.    As a result of the aforesaid acts of defendants, plaintiff has become mentally upset, distressed and aggravated.  Plaintiff claims general damages for such mental distress and aggravation in an amount of which will be proven at time of trial.

103.    As a proximate result of the conduct complained of herein, plaintiff suffered and continues to suffer embarrassment, humiliation, emotional distress, mental anguish and severe shock to his nervous system, and thereby sustained serious injuries to his physical and mental health, strength and activity, causing him extreme physical and emotional pain, all to his general damage in such amount as may be proven.  Said amount is within the jurisdiction of the Superior Court of the State of California.

104.   As a direct and proximate result of the aforementioned wrongful conduct of defendants, and each of them, plaintiff incurred medical expenses, the exact nature and extent of which are unknown to plaintiff at this time and plaintiff will ask leave of court to amend this complaint in this regard when the same have been ascertained.

105.   As a direct and proximate result of the aforementioned wrongful conduct of defendants, and each of them, plaintiff will be required to incur additional future medical expenses all to his further damage in an amount to be proven at trial.

106.   Because the acts taken toward plaintiff were carried out by managerial employees acting in a deliberate, cold, callous and intentional manner in order to injure and damage plaintiff, plaintiff requests the assessment of punitive damages against defendants, and each of them, in an amount appropriate to punish and make an example of defendants.

## NINTH CAUSE OF ACTION

### VIOLATION OF REST PERIOD LAW

*(Industrial Welfare Commission Wage Orders; Labor Code §226.7)*

**(Against Defendants EMPLOYER and DOES 1-50)**

107.   The allegations of the Statement of Facts and preceding paragraphs are realleged and incorporated herein by reference except where to do so would be inconsistent with pleading a cause of action for Violation of Rest Period Law.

108.   In California, the *Industrial Welfare Commission Wage Orders* require that employers must authorize and permit nonexempt employees to take a rest period that must, insofar as practicable, be taken in the middle of each work period. The rest period is based on the total hours worked daily and must be at the minimum rate of a net ten consecutive minutes for each four hour work period, or major fraction thereof. The Division of Labor Standards Enforcement (DLSE) considers anything more than two hours to be a "major fraction of four." A rest period is not required for employees whose total daily work time is less than three and one-half hours. The rest period is counted as time worked and therefore, the employer must pay for such periods. *Labor Code* §226.7(a) states that no employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare

COMPLAINT for DAMAGES

1   Commission.

2   109.   Defendants did not provide plaintiff with rest periods.  This failure constituted a

3   violation of the *Industrial Welfare Commission Wage Orders* and *Labor Code* §226.7.

4   110.   Defendant had a practice of not providing employees with rest periods.

5   111.   Thus, plaintiff, and all hourly employees who did not receive rest periods are owed

6   monies.

7   112.   California *Labor Code* §200 defines "wages" as including all amounts for labor

8   performed by employees of every description, whether the amount is fixed or ascertained by the

9   standard of time, task, piece commission basis, or other method of calculation.

10   113.   Plaintiff has been available and ready to receive wages owed to him.

11   114.   Plaintiff has never refused to receive any payment, nor has plaintiff been absent

12   from defendants' regular place of business.

13   115.   Defendants' failure to provide plaintiff with rest periods was wilful because it had

14   knowledge of the illegality of failing to provide rest periods and has intentionally failed to do so

15   as required by law.

16   116.   Plaintiff also requests all unpaid wages, waiting time penalties and interest. (*Labor*

17   *Code* §§218.5, 218.6.)   Plaintiff further requests civil penalties as provided for in *Labor Code*

18   §558.

19   117.   As a direct and proximate result of defendants' failure to provide the entitlements

20   set forth above, plaintiff has suffered lost wages and other benefits of employment in an amount

21   to be proven at trial.

22   118.   Plaintiff also seeks additional pay pursuant to *Labor Code* §226.7(b).

23   **TENTH CAUSE OF ACTION**

24   **VIOLATION OF MEAL PERIOD LAW**

25   (*Labor Code* §§ 226.7, 512)

26   **(Against Defendants EMPLOYER and DOES 1-50)**

27   119.   The allegations of the Statement of Facts and preceding paragraphs are realleged

28   and incorporated herein by reference except where to do so would be inconsistent with pleading

COMPLAINT for DAMAGES

a cause of action for Violation of Meal Period Law.

120.    *Labor Code* §512, et seq., provides, in pertinent part, that an employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.  *Labor Code* §226.7(a) states that no employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

121.    When plaintiff worked for defendants, he was a non-exempt hourly employee. During his employment, plaintiff worked more than five hours per day, but was not provided a meal period.  He worked more than 10 hours per day and did not receive a second meal period. These acts by defendants constituted a violation of California's wage and hour laws.

122.    Defendant had a practice of not providing employees with meal periods.

123.    This failure violated California *Labor Code*, including but not limited to §§226.7 and 512.

124.    Thus, plaintiff and all hourly employees who did not receive meal periods are owed monies.

125.    California *Labor Code* §200 defines "wages" as including all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece commission basis, or other method of calculation.

126.    Plaintiff has been available and ready to receive wages owed to him.

127.    Plaintiff has never refused to receive any payment, nor has plaintiff been absent from defendants' regular place of business.

128.    Defendants' failure to provide plaintiff with meal periods was wilful because it had

knowledge of the illegality of failing to provide meal periods and has intentionally failed to do so as required by law.

129.     Plaintiff also requests all unpaid wages, waiting time penalties and interest. (*Labor Code §§*218.5, 218.6.)     Plaintiff further requests civil penalties as provided for in *Labor Code* §558.

130.     As a direct and proximate result of defendants' failure to provide the entitlements set forth above, plaintiff has suffered lost wages and other benefits of employment in an amount to be proven at trial.

131.     Plaintiff also seeks additional pay pursuant to *Labor Code* §226.7(b).

## ELEVENTH CAUSE OF ACTION

## FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS

### (*Labor Code* §226)

### (Against Defendants EMPLOYER and DOES 1-50)

132.     The allegations of the Statement of Facts and preceding paragraphs are realleged and incorporated herein by reference except where to do so would be inconsistent with pleading a cause of action for Failure to Provide Accurate Wage Statements.

133.     Defendants knowingly and intentionally failed to provide plaintiff with a true and accurate wage statement showing all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee, in violation of *Labor Code* §226(a).  Defendants' wage statements failed to show that plaintiff did not receive his meal periods and rest breaks as set forth above.

134.     Pursuant to *Labor Code* §226(e), plaintiff is entitled to penalties in the amount of $50 for the initial pay period in which the violation occurred, plus $100 for each violation in a subsequent pay period, up to an aggregate penalty of $4,000.  In addition, plaintiff is entitled to attorneys' fees and costs in an amount to be proved at trial.

## TWELFTH CAUSE OF ACTION

## UNFAIR COMPETITION IN VIOLATION OF

## *BUSINESS AND PROFESSIONS CODE* §17200, et seq.

COMPLAINT for DAMAGES

**(Against Defendants EMPLOYER and DOES 1-50)**

135.    The allegations of the Statement of Facts and preceding paragraphs are realleged and incorporated herein by reference except where to do so would be inconsistent with pleading a cause of action for Unfair Competition in Violation of *Business and Professions Code* §17200, et seq.

136.    Defendants' conduct constitutes unfair competition pursuant to *Business and Professions Code* §17200, et seq.  Defendants' conduct included unlawful, unfair and/or fraudulent business acts or practices, to wit: defendants' unlawful failure to not allow rest and meal periods.  By failing to provide plaintiff rest and meal periods, defendants gained an unfair advantage over its competitors who provided rest and meal periods.

137.    Defendants are strictly liable for engaging in unfair competition in violation of *Business and Professions Code* §17200, et seq.

138.    As a direct and proximate result of defendants' unfair competition as alleged herein, plaintiff suffered damages and defendants have been unjustly enriched.

139.    As a proximate result of the aforesaid acts of defendants, plaintiff has foreseeably suffered and continues to suffer substantial loss of earnings and employment benefits in an amount according to proof at the time of trial.  Plaintiff claims such amount as damages together with prejudgment interest.

140.    Plaintiff further has incurred additional expenses in his efforts to regain employment, all to his damage in an amount according to proof at the time of trial.

141.    As a direct and proximate result of the aforementioned wrongful conduct of defendants, and each of them, plaintiff will suffer additional loss of earnings, reduced earning capacity in the future, and other incidental and consequential damages in an amount according to proof at the time of trial.

142.    Unless restrained, defendants will continue in the acts and conduct set forth above, to plaintiff's great and irreparable injury, for which damages will not afford adequate relief.

## **PRAYER**

WHEREFORE, plaintiff prays for judgment against defendants as follows:

1.       For compensatory damages including losses arising from mental and emotional distress and other special and general damages, as allowed by law, for an amount in excess of $50,000 and according to proof at trial;

2.       For an award of punitive damages, as allowed by law, according to proof at trial;

3.       For medical and related expenses according to proof, as allowed by law, according to proof at trial;

4.       For lost earnings and related expenses according to proof, as allowed by law;

5.       For wages, interest, damages and penalties, as allowed by law, pursuant to the *Labor Code* and *Business and Professions Code* sections set forth therein;

6.       For attorneys' fees and costs, as allowed by law, pursuant to the *Labor Code* and *Government Code*;

7.       For prejudgment interest on all amounts claimed, as allowed by law; and

8.       For such other and further relief as the Court deems just and proper.

DATED:     June 11, 2020         JAY S. ROTHMAN & ASSOCIATES

                                JAY S. ROTHMAN, Esq.
                                Attorney for Plaintiff

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of the foregoing causes of action.

DATED:     June 11, 2020         JAY S. ROTHMAN & ASSOCIATES

                                JAY S. ROTHMAN
                                Attorney for Plaintiff

COMPLAINT for DAMAGES